AUSA:   April N. Russo          Telephone: (313) 226-9129
Special Agent:   Raymond Nichols, FBI   Telephone: (313) 965-2323

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
William T. Phillips

Case: 2:17-mj-30366
Judge: Unassigned,
Filed: 07-28-2017 At 10:30 AM
CMP USA V. PHILLIPS (LH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 1, 2015 to July 28, 2017__ in the county of __Oakland and elsewhere__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) and (e), 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and 2252A(a)(5)(B) and (b)(2); 18 U.S.C. § 2422; 2252A(g) | Producing, attempting to produce and conspiracy to produce child pornography; conspiracy to receive child pornography; conspiracy to access with intent to view child pornography; coercion and enticement of a minor; participating in a child pornography enterprise. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Raymond Nichols, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 7/28/17

_____
Judge's signature

City and state:  Detroit, Michigan

Hon. Mona K. Majzoub, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR COMPLAINT AND ARREST WARRANT

## I. INTRODUCTION

I, Raymond Nichols, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since 2012, and am currently assigned to the Detroit Division. While employed by the FBI, I have investigated federal criminal violations related to child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by the Attorney General to request an arrest warrant.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for **William T. Phillips** (XX/XX/1979) for violations of 18 U.S.C. § 2251(a) and (e) (producing, attempting to produce, and conspiracy to

1

produce child pornography); 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (conspiracy and attempt to receive child pornography); 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (conspiracy to access with intent to view child pornography); 18 U.S.C. § 2422 (coercion and enticement); and § 2252A(g)(2) (participating in a child pornography enterprise).

3. The statements contained in this affidavit are based in part on: information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent (SA) with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary probable cause that **Phillips** has violated Title 18 U.S.C. §§ 2251(a) and (e), 2252A(a)(2)(A) and (b)(1), 2252A(a)(5)(B) and (b)(2), 2422 and 2252A(g)(2).

## Background of Investigation

4. This affidavit, complaint, and arrest warrant are part of an ongoing investigation related to the sexual exploitation of children (specifically preteen and teenage girls) on a chatroom-based website. To protect the integrity of the investigation, the website will be referred to throughout this affidavit as Website A.

5. The investigation reveals that Website A is primarily used by adult men seeking to sexually exploit preteen and teenage girls. These men pretend to be teenage boys, teenage girls, or others to entice the victims to engage in sexually explicit activity on camera during live-streaming chats. Throughout the course of this investigation, the FBI has identified more than 50 minor victims, with dozens more yet unidentified, who remove clothing, engage in sexual activity, and otherwise pose for other users on the various chatrooms on Website A. The investigation also reveals that in many instances groups of users on Website A work together to coordinate the recruitment, enticement, and coercion of the victims into producing child pornography.

6. On April 10, 2017, the FBI executed a federal search warrant related to this investigation. The target of that search warrant, hereinafter referred to as S3, agreed to speak to law enforcement after the search warrant execution. S3 stated that he was part of a group that enticed minor females to undress, masturbate, and engage

in other types of sexual activity on webcamera on Website A.[1] Members of the group usually record these sexual acts and share the recordings with other group members.

7. According to S3, the group typically organized and communicated through an invitation-only Skype group chat. However, at different times, they have also used chatrooms on Website A and other websites to organize and discuss their scheme. Members of S3's group played different roles in order to accomplish the common objective of getting minor females to engage in masturbation and other sexually explicit conduct via webcamera so that they could record it. According to S3, their targets were primarily 14 to 18 year-old females.

8. S3 stated that about six months ago his group started working with another set of individuals on Website A. They would use the chatroom Website A/Chatroom 1 to organize and strategize about how to convince minor females to engage in sexually explicit conduct via webcamera. They would target the girls in other chatrooms on Website A and recruit potential victims from other social media websites. According to S3, he has been working with about 8-12 people in the Website A/Chatroom 1 chatroom. Aside from other members of the Skype group, S3 remembered in particular working with a username, hereinafter referred to as Username 1.

---

[1] The FBI knows the identities of S3, Website A, Username 1, Username 2, and Website A/Chatroom 1 but they are not revealed here to protect the integrity of an ongoing investigation.

4

9. Besides information provided by S3, the FBI also has obtained login information from Website A, which shows the IP addresses used by particular users on Website A, and the chatrooms those IP addresses logged into. Based on those Website A logs, as well as other investigation, the FBI has identified 15 minor victims that were in rooms with S3's group on Website A. Of those victims, MV-1, MV-2, MV-12, MV-13, MV-14, and MV-17 all reside in the Eastern District of Michigan. Several of these victims, including MV-12, MV-13, and MV-14, were on Website A during the time period that S3 stated the Website A/Chatroom 1 group coordinated together.

### Interview of Minor Victim 12

10. On June 29, 2017, MV-12, with a date of birth of XX/XX/2000 was forensically interviewed by the FBI. During the interview, MV-12 stated that she had consistently been on Website A in a room with four to five individuals that she believed to be teenage males. This group of individuals enticed MV-12 to display her naked body and, among other things, to touch her vagina while on webcamera on Website A. She stated that the group members also asked her to engage in sexual activity with her brother and to insert objects into her vagina, but that she never did those things.

11. MV-12 specifically recalled chatting most frequently with someone she knew as Username 2 from this group on Website A. This individual communicated with MV-12 through a social media application known as MyLOL.com. With the consent of

MV-12's parents, the FBI examined the conversation history in MV-12's MyLOL account. The FBI discovered that a person using Username 2 used three different MyLOL accounts to communicate with MV-12 from June 27, 2015 through February 28, 2017.

12. The FBI observed the following conversation from June 28, 2015. After providing MV-12 a link to Website A, the person identifying himself as Username 2 and MV-12 had the following conversation on MyLOL.com:

| | |
|---|---|
| **Username2:** | id love to see you rub that wet finger against your pussy rn |
| **MV-12:** | grind on it? |
| **MV-12:** | would you let me? |
| **Username2:** | i would totally let you <3 |
| **MV-12:** | good |
| **Username2:** | go for it babe < |
| **MV-12:** | how was that? Lol |
| **Username2:** | fucking hot af |
| **MV-12:** | lol |
| **Username2:** | you look like you want more… |
| **MV-12:** | haha im tired tho |
| **Username2:** | hehe… well finish yourself off and you'll sleep like a baby! |
| **MV-12:** | :/ but i wanna go to bed |
| **Username2:** | hmmm… 1 last doggy for a minute??? |
| **MV-12:** | baby!!! lol nooo im tired |
| **Username2:** | grrr… fine! :( |
| **Username2:** | lol… youre amazing!!!! |
| **MV-12:** | ly :| |
| **Username2:** | <3 you more!!!  can i get 1more flash tho??? please babe! |
| **MV-12:** | of my boos? |
| **MV-12:** | boobs* |
| **Username2:** | well i want you totally naked… but that will do! |
| **MV-12:** | did you se? lol |

6

   **Username2:**  i did! I <3 You

13. MV-12 and Username 2 had several other conversations of sexually explicit nature on MyLOL.com until MV-12 learned that Username 2 was not in fact a fellow teenager. She then stopped communicating with him.

14. On July 3, 2017, MyLOL was subpoenaed for subscriber information for the three accounts utilized by Username 2. IP logins for these accounts resolved to two addresses in Highland, New York. The first address, on Vineyard Avenue, was used up through February of 2017. The second address, on Toc Drive, was used between February and May of 2017. The internet service provider for those addresses identified William Phillips and Brian Phillips, respectively, as the subscriber.

15. Beyond MV-12, the FBI searched logs from Website A for individuals that logged into chatroom Website A/Chatroom 1 at the same time as the other minor victims in this case. They discovered that Username 1 had logged in to that chatroom with the same IP addresses that resolved back to the two addresses in Highland, New York with William and Brian Phillips as the subscribers. These subpoena returns were consistent with the returns for the MyLOL accounts and appeared to show a change in residence from the Vineyard Avenue address to the Toc Drive address in or around February of 2017.

## Search Warrant Execution

16. On July 27, 2017, a federal search warrant authorized in the Northern District of New York was executed at the residence of **William T. Phillips**, XX Toc Drive, Highland, New York. **Phillips** was inside a bedroom, lying on the bed, when the FBI entered the house. Next to him, on the floor of the bedroom, was an active laptop. Multiple chatrooms on Website A were open on the web browser, one of which was Website A/Chatroom 1. Username 1 was logged into Website A/Chatroom 1.

17. **Phillips** and his cousin Brian Phillips were the only persons present in the house and both stated that **William Phillips** had moved in with Brian around February of 2017. **Phillips** stated that he previously resided on Vineyard Avenue in Highland, New York, consistent with the IP return information for the MyLOL and Website A logins. Brian Phillips identified a laptop that was his in a different room in the residence, and stated that the laptop found next to **Phillips** was not his.

18. A forensic preview of the laptop revealed numerous child pornography videos and images. Several of these were in a folder entitled "downloads." At least one video depicted an adult male vaginally raping a minor female. Several of the file names indicated that they depicted minor females engaged in sexual activity. Several other child pornography videos were located in a folder entitled "Many Cam." Some of the videos in that folder depicted minor males masturbating. Your Affiant knows that

numerous individuals on Website A use the program "Many Cam" to play prerecorded videos of teenage males or females to minor females in order to convince them that they are actually the teenage boys depicted in the videos. Also found on the laptop was a program "Camtasia." Your Affiant is familiar with Camtasia and knows that numerous individuals on Website A have used it to record minor females engaged in masturbation and other sexually explicit activity.

## CONCLUSION

19. Based on the foregoing, there is probable cause to believe **Phillips** has produced, attempted to produce, and conspired to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e). There is also probable cause to believe that Phillips has coerced and enticed, or attempted to coerce and entice, a minor to engage in sexually explicit conduct, in violation of 18 U.S.C. § 2422; has conspired with others to receive and access with intent to view child pornography in violation of 2252A(a)(2)(A) and (b)(1), 2252A(a)(5)(B) and (b)(2); and has participated in a child pornography enterprise in violation of 18 U.S.C. § 2252A(g)(2).

_____
Special Agent Raymond Nichols
Federal Bureau of Investigation

Sworn to me this 28th day of July, 2017

_____
Mona K. Majzoub
United States Magistrate Judge