UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                                  Criminal No. 17-20632

                                       Hon. STEPHEN J. MURPHY

D-1, NOEL EISLEY,
D-2, TERRY KOVAC,
D-3, BRET W. MASSEY,
D-4, FELIPE DOMINGUEZ-MEIJA,
D-5, WILLIAM T. PHILLIPS,
D-6, ERIC JAMES ROBINSON,

        Defendants.

# **DISCOVERY NOTICE**

1. The attorney for the government knows that the defendants made

    A. relevant written or recorded statements, (including grand jury testimony),    and/or

    B. relevant oral statements made in response to interrogation, whether before or after arrest, by a person then known to the defendant to be a government agent, whether or not the statement is included in a written record, as follows:

    NO  ☐        YES  ■

    The attorney for the government knows that defendants have a prior criminal record:

    NO  ☐        YES  ■

    Any criminal history reports for those with prior convictions will be passed in discovery.

2. The following books, papers, documents, photographs and tangible objects are within the possession, custody or control of the government and are intended to be used as evidence in chief at trial, are known to the government to be material to the preparation of the defense, or were obtained from or belong to the defendants:

    Agency reports; recordings of activity on Website A and Website B; logs from Website A and Website B; content from Website B; forensic evidence from electronic devices that includes but is not limited to images, documents, chat conversations from various social media accounts, and videos; interviews of various acquaintances and of victims; electronic evidence including but not limited to evidence from email, Kik, Dropbox, Skype, Facebook, MyLol and chat conversations on various internet websites; results from PRTTs; administrative subpoenas and subpoena returns; certifications; and physical evidence obtained during residential search warrants

3. Results or reports of the following physical or mental examinations, or scientific tests or experiments, are within the possession, custody or control of the government, and are either intended to be used as evidence in chief at trial or are known to the government to be material to the preparation of the defense:

   Forensic evidence from electronic devices and from logs and recorded activity on website; forensic videos of victims; polygraph examinations and interviews

4. The government intends to introduce at trial testimony from one or more experts in the following areas of expertise:

   Computer forensic expert; child sexual abuse expert

5. The government may introduce evidence obtained from execution of the following search warrants:

   Residential search warrants for each Defendant executed in June of 2016 (Robinson) and from April of 2017 through August of 2017 (Massey, Dominguez, Eisley, Phillips, and Kovac) will be passed pursuant to the terms of a protective order. Other search warrants that may be in progress/have been or will be executed include, but are not limited to: search warrants on email accounts, social media accounts, and data storage accounts

6. The government may introduce evidence obtained through wiretaps or other electronic surveillance:

   Yes as to surveillance of Website A; evidence obtained from PRTTs; social media accounts ■

7. The government intends to offer evidence under Federal Rule of Evidence 404(b)

   NO ☐       YES ☐       UNSURE ■

   The attorney for the government is aware of the obligations imposed by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny and will comply with their

3

obligation to provide defense counsel with exculpatory evidence that is material to either guilt or to punishment in time for effective use at trial.

If the government discovers additional information of the type described in the above paragraphs, it will advise defense counsel in writing.

Upon specific request of the defendant, the government will make available for inspection or copying the items described in Paragraphs One, Three, and Four; will furnish the record referred to in Paragraph Two; will provide a summary (which will include the witnesses' qualifications, opinions, and the bases and reasons for the opinions) of the anticipated testimony described in Paragraph Five and will provide notice of the general nature of the evidence referred to in Paragraph Eight.  The government's compliance with any specific request will trigger the defendant's duty to provide the reciprocal discovery denoted in Fed. R. Crim. P. 16(b)(1)(A)-(C).  If the defendant makes a general request for discovery the government will construe it as a request for each item described in Fed. R. Crim. P. 16(a)(1) (A)-(G).  The government's compliance with the defendant's general request will trigger the defendant's duty to provide reciprocal discovery of each item specified in Fed. R. Crim. P. 16(b)(1)(A)-(C).

    Respectfully submitted,

    DANIEL L. LEMISCH
    Acting United States Attorney


    s/ April N. Russo
    April N. Russo
    Kevin M. Mulcahy
    211 W. Fort Street, Suite 2001
    Detroit, Michigan 48226
    (313) 226-9129
    Email:  april.russo@usdoj.gov

Dated:  September 25, 2017