UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1, NOEL EISLEY,
D-2, TERRY KOVAC,
D-3, BRET W. MASSEY,
D-4, FELIPE DOMINGUEZ-MEIJA,
D-5, WILLIAM T. PHILLIPS,
D-6, ERIC JAMES ROBINSON,

    Defendants.

_____/

Case No. 2:17-cr-20632

HON. STEPHEN J. MURPHY, III

**ORDER GRANTING IN PART AND
DENYING IN PART THE GOVERNMENT'S MOTION
<u>TO ALLOW CANINE ADVOCATE TO ASSIST VICTIMS AT SENTENCING [91]</u>**

Defendants Noel Eisley and Williams Phillips each pleaded guilty to one count of child exploitation enterprise and will be sentenced on July 17–18, 2018. The Government filed a motion asking the Court to permit a support dog to accompany several of the minor victims who will be present at the sentencing. Eisley and Phillips oppose the motion.

Federal law charters specific rights afforded to crime victims. Among other things, a crime victim has a "right to be treated with fairness and with respect for [her] dignity and privacy" and a "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing[.]" 18 U.S.C. § 3771(a)(4), (8). The rights are not merely aspirational; in "any court proceeding involving an offense against a crime victim," the

Court must "ensure that the crime victim is afforded the rights[.]" *Id.* at § 3771(b)(1). A victim deprived of her rights may immediately "petition the court of appeals for a writ of mandamus," and that court must "take up and decide such application forthwith within 72 hours[.]" *Id.* at § 3771(d)(3). The law also prioritizes flexibility and accommodation to effectuate a victim's rights. *See, e.g., id.* at § 3771(b)(1) (forbidding a court to exclude a victim from a public court proceeding unless it first makes "every effort to permit the fullest attendance possible by the victim," considers "reasonable alternatives to the exclusion of the victim," and clearly states the reasons on the record).

Child victims are entitled to additional procedural protections. For instance, when a child attends or testifies at a judicial proceeding, she has "the right to be accompanied by an adult attendant to provide emotional support[.]" 18 U.S.C. § 3509(i). The same subsection explicitly grants the Court discretion to "allow the adult attendant to remain in close physical proximity to or in contact with the child while the child testifies," and to "allow the adult attendant to hold the child's hand or allow the child to sit on the adult attendant's lap throughout the course of the proceeding." *Id.* Notably, when the testimony is captured through video recording technology, the image of the adult attendant must be recorded, too. *Id.*

None of the cited provisions explicitly address whether support or therapy dogs are permissible. There are, however, at least two decisions in the district on the matter, but both concerned the use of a support dog during trial testimony. *See United States v. Gardner*, No. 16-cr-20135, 2016 WL 5404207, at *8 (E.D. Mich. Sept. 28, 2016); *United States v. Neuhard*, No. 15-cr-20425, 2017 WL 971677, at *1 (E.D. Mich. Mar. 14, 2017). In each instance, the court did not allow the dog to accompany a witness during testimony,

2

but did permit the dog to be present in the hallway outside the courtroom so that the victim could seek support before and after testifying, and during breaks.

A sentencing is different than a trial. Defendants have already pleaded guilty, so there will be no jury to prejudice. They nevertheless insist that the risk of prejudice remains because the presence of a support dog sends an "implicit message" to the Court that the victim is dependent and disabled and "so wounded that she cannot function without the extraordinary support of an animal." ECF 92, PgID 626. The Court finds the risk of such prejudice minimal. The Government has documented the victims' alleged dependencies and disabilities in much greater detail in the sentencing memoranda. The Court's viewing the victims alongside the support animal will have little, if any, effect on the Court's disposition.

Nevertheless, the Court will impose limits on the use of the support dog similar to those in the aforementioned cases. As noted, courts have a general duty to "make every effort to permit the fullest attendance possible by the victim" and must "consider reasonable alternatives to the exclusion of the victim from the criminal proceeding. 18 U.S.C. § 3771(b)(1). Attendance, however, is not coextensive with testifying. The law is more specific when addressing a child victim's testimony; for instance, it sets specific parameters for adult attendants who sit with child victims during judicial proceedings, *see* 18 U.S.C. § 3509(i). And a neighboring subsection specifically addresses victim impact statements. Rather than providing for additional assistance to ensure a victim impact statement can be delivered in person, the subsection contemplates a coordinated effort, prior to sentencing, to allow a child to convey her views and feelings through others. *Id.* at § 3509(f). In light of the provisions, the sparse federal precedent condoning the use of

a service animal during testimony, and the prospect of complications and counterproductive distractions during sentencing, the Court will not permit the dog to accompany victims during testimony. The Court will, however, permit the Government to bring the dog into the courtroom gallery to assist the victims there, as well as in the hallway outside.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Government's motion to allow canine advocate to assist victims at trial [91] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**.

                                          s/Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: July 13, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2018, by electronic and/or ordinary mail.

                                          s/David P. Parker
                                          Case Manager