# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

16

UNITED STATES,  Case No. 17-20632
     Plaintiff,            18-20128

vs.

(D-5/D-9) WILLIAM T. PHILLIPS,
     Defendant.

F I L E D
MAY 10 2019
CLERK'S OFFICE
DETROIT

Judge Stephen J. Murphy III

## REQUEST FOR DISCLOSURE OF INFORMATION REGARDING DEFENSE COUNSEL CONFLICTS
### (and Supporting Memorandum)

Defendant-Movant, pro se, Mr. William T. Phillips, respectfully REQUESTS that this Court ORDER his two CJA-appointed attornies, Ms. Lisa L. Dwyer and Mr. Michael B. Skinner, to disclose any and all actual/potential/perceivable conflicts regarding their representation of him. He further REQUESTS a (Nunc Pro Tunc?) CURCIO-type hearing [US v Curcio, 680 F.2d 881, 887 (2d Cir. 1982)] regarding counsel's current and prior representation of him. He also REQUESTS any and all available relief.

Page 1 of 14

Conflict Hearing (Cont.)

## FACTS

Mr. Phillips was arrested in the Northern District of New York, by the FBI — pursuant to an arrest warrant issued in this Division — on 27 July 2017. Enroute to Detroit, MI, Ms. Lisa L. Dwyer informed him that she was his CJA-appointed counsel in this District — and they exchanged emails in this regard using the Federal Bureau of Prisons' CORRLINCS system, while he was housed at the Federal Transfer Center in Oklahoma City, OK. (Interestingly, the docket shows that the paperwork formalizing her appointment was not filed until 27 Sept. 2018 [Doc #93 of the "18-20128" case] which was about 2½ months _after_ his July 2018 sentencing.)

The incidents/situations that lead Mr. Phillips to believe that a conflict(s) exist(s/ed) have mostly arisen in the past ten (10) months — beginning just before his July 2018 sentencing. However, he would not be surprised to learn that the underlying conflict(s) have existed from a much earlier date.

Page 2 of 14

US v Phillips
Conflict Hearing
(Cont.)

Neither Ms. Dwyer nor Mr. Skinner have responded to repeated queries (telephonic/written/emailed), from both Mr. Phillips and his family, as to the nature and specifics of these conflicts and what effects they did/could have had on his representation and its quality.

Some of these incidents include, but are NOT limited to:

Ms. Dwyer's claim that she never had a case before this Court and that she had an ongoing relationship with AUSA Ms. April Russo. Recent research of the BOP's LEXIS-based "Electronic Law Library" revealed that she has an on-going case in front of this Court — US v Ragland, No. 2:15-CR-20800 — which began about two years before Mr. Phillips was even arrested. There was also NO case listed (as recently as March 2019) showing Ms. Dwyer and Ms. Russo appearing on anything together;

Non-disclosure of certain aspects of plea negotiations and the results of related events that would have served to lower his sentence;

Page 3 of 14

US v. Phillips
Conflict Hearing
(Cont.)

    Ms. Dwyer's "disappearance" / failure to meet with Mr. Phillips during the period from his change-of-plea hearing until the day of his sentencing hearing;

    Her vague mention of a "conflict" between herself and a sentencing witness — the father (?) of MV12/1 (as dually designated in the "2017" and "2018" cases, respectively);

    Her failure to attend the "in camera" hearing, which <u>was</u> attended by the AUSA, with that witness;

    Her failure to arrange for substitute defense counsel to attend that hearing (to represent Mr. Phillips and protect/preserve his rights/interests);

    Her failure to arrange for Mr. Phillips to attend that hearing (in person or remotely) or at least to make an informed and knowledgeable choice concerning his attendance and participation;

    Her failure to review a transcript of that hearing or make it available to Mr. Phillips, at <u>ANY</u> time;

Page 4 of 14

Ms. Phillips PC
Conflict Hearing
(Cont.)

Her refusal to respond to this Court's <u>BOSTIC</u> inquiry during sentencing [<u>U.S. v. Bostic</u>, 371 F.3d 865 (6th Cir. 2004)], by telling Mr. Phillips that she could not raise any of their mutual objections/issues with the proposed sentence because of her on-going/future "relationship" with AUSA Ms. Russo and others in the Justice Dept.;

Her failure to file a notice of appeal, despite it being discussed, knowing that they both <u>agreed</u> that the sentence needed to be appealed, knowing that both Mr. Phillips and his family had expressed desires to appeal the sentence, and that such a notice needed to be filed in a timely manner — even if she could not personally prosecute that appeal;

Her knowing choice to not respond to this Court, Mr. Phillips, nor his family in regards to the Jan 2019 filing (under seal) that she received from this Court;

Her ongoing refusal to communicate with Mr. Phillips and his family due to some vague/undisclosed "conflict";

Page 5 of 14

Mr. Skinner's mysterious (at least to Mr. Phillips) introduction as his "new" defense counsel;

His failure to respond to this Court, Mr. Phillips, or his family, regarding the Jan 2019 sealed filing — despite acknowledging to Mr. Phillips that he had received/read/reviewed it;

His refusal to reveal/discuss the nature or consequences to Mr. Phillips of Ms. Dwyer's conflict(s);

His non-disclosure of any/potential conflict(s) <u>he</u> might have in this case; and

His general failure to communicate with Mr. Phillips — his purported client — or Mr. Phillips' family.

## RELEVANT CASE LAW
### Generally

The Constitution, <u>U.S. Const., amend. VI</u>, provides for the "assistance of counsel for his [criminal] defen[s]e." Subsequent rulings, e.g. <u>Lafler v. Cooper</u>, 566 U.S. 156 (2012) — a case first brought in this Division,

US v Phillips
Conflict Hearing
(Cont.)

laws, e.g. 18 U.S.C. §3006A, and regulations, like this District's CJA Plan, have provided for the <u>EFFECTIVE</u> representation of indigents, like Mr. Phillips, throughout all relevant proceedings, as noted in §3006A(b) and (c).

The right to — and Court-obligation to ensure — conflict-free counsel has been noted in, inter alia, <u>Wheat v US</u>, 486 U.S. 153 (1988).

Many conflict-of-interest cases, e.g. <u>US v Osborne</u>, 402 F.3d 626 (6th Cir. 2005), involve joint representation of multiple (potential) defendants. But, this is not the <u>ONLY</u> source of conflict. Several cases, cited below, involve attorneys who currently (or previously) represented (potential) government witnesses. Other times it involves the lawyer's prior (or future) employment. E.g., one of this Court's Standing Orders [II.A.1.] seeks to avoid even the <u>appearance</u> of a conflict regarding cases associated with this Court's, prior to 18 Aug 2008, employment in the U.S. Attorney's Office.

Page 7 of 14

US v. Phillips
Conflict Hearing
(Cont.)

    Since Mr. Phillips does not currently know the <u>NATURE</u> of Ms. Dwyer's (or Mr. Skinner's) conflicts — let alone the specifics — there is no point speculating on the applicable case law. Instead he argues that in <u>ANY</u> case, there is case law to support him.

    Out of an abundance of caution and to preempt any claim that the conflict was harmless, Mr. Phillips directs this Court's attention to <u>US v. Cornell</u>, 162 F. App'x 404, 412 (6TH Cir. 2006) and <u>Takacs v. Engle</u>, 768 F.2d 122, 125 (6TH Cir. 1985). This Circuit ruled in both cases that the conflicts were harmless because the conflicted counsels vigorously cross-examined the conflicted witnesses. However, in Mr. Phillips' case, neither Ms. Dwyer (nor substitute defense counsel) even <u>ATTENDED</u> the hearing involving the <u>conflicted witness</u>. They did not even review the transcript of that hearing or comment on it at sentencing, unlike AUSA Ms. Russo who both attended the hearing and commented on it.

Page 8 of 14

Conflict Hearing (Cont.)

## Obligation to Inquire

This Circuit holds, as noted in US v Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986), that, "when a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not. See US v Taylor, 657 F.2d 92, 94 (6th Cir. 1981); US v LaRiche, 549 F.2d 1088, 1095 & n.5 (6th Cir. 1977)."

Two years later, in Wheat, 486 U.S. at 160, the Supreme Court explained that, "Federal Courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."

Mr. Phillips wishes to make it clear that he does NOT believe that this Court was unethical in ANY way nor that it knowingly failed to fulfill its obligations. Instead, he is laying the blame at the feet of defense counsel whose misconduct and withholding of information prevented this Court – and Mr. Phillips – from making fully informed decisions.

Page 9 of 14

Conflict Hearing (cont.)

Even if it turns out that there were in fact NO conflicts or ethical violations by defense lawyers, the nature and circumstances of this case present at least the APPEARANCE of unfairness and irregularity which warrants this Court's attention.

### Harm to Mr. Phillips

The principal harm was Mr. Phillips' inability to make knowing and informed decisions. Since he STILL does not know the nature and extent of the conflict(s), it remains impossible for him to be fully aware of the dangers and consequences of the conflict(s) — two issues that this Circuit emphasized in Osborne, 402 F.3d at 631.

### Precedent for an Inquiry/Hearing

Two cases, heard in this Division, illustrate the precedent for granting a Curcio-type hearing when defense counsel has a conflict with a potential witness.

Conflict Hearing
(Cont.)

In US v Canty, No. 01-80571, 2006 U.S. Dist. LEXIS 86422 (E.D. MI 30 Nov 2006), the U.S. Attorney's Office (during this Court's tenure there) initiated a Curcio-type hearing for defendant Mr. Raymond Canty. Judge John Corbett O'Meara granted the hearing - based on Mr. Canty's counsel's prior association (decades earlier) with a government witness. Judge O'Meara declined to recuse that attorney because it was arranged that another - unconflicted - attorney would cross-examine the witness who had the conflict.

Judge Nancy G. Edmunds granted a similar hearing in US v Elhorr, No. 13-20158, 2015 U.S. Dist. LEXIS 102148 (E.D. MI 5 Aug 2015), subsequent to the government raising a "successive representation" conflict claim. Judge Edmunds ruled that the conflict — defense counsel's prior representation of a potential trial witness — was too great to overcome, so she recused the attorney and required Ms. Lana Elhorr to get new counsel.

## NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Mr. Phillips believes his communications with defense counsels — and the associated workproducts — will remain confidential as per Fed. R. Evid. 501 and 502. This is because he is neither knowingly nor intentionally waiving his rights to all forms of privilege involving these lawyers.

Privilege has been found to survive even the death of a client, such as the January 2019 murder of co-defendant Mr. Christian Maire (as noted in the sealed filing), and even when it involves a criminal case, as noted in Swidler & Berlin v. US, 524 U.S. 399, 408 (1998). Therefore, it should certainly survive the abandonment of Mr. Phillips, and his case, by both defense attornies — even if they are relieved of their duties to represent him.

Because Humphreys, Hutcheson & Moseley v. Donovan, 755 F.2d 1211, 1219 (6th Cir. 1985) holds that, "the facts underlying the communication[s]" ARE disclosable, Mr. Phillips does not object to the disclosure of merely "underlying facts."

Being pro se and unskilled in the law, he wishes to assert <u>all</u> of his rights, including those <u>NOT</u> explicitly mentioned herein — and even those unknown to him — at this time.

## CONCLUSION and PRAYER

Based on everything herein, for good cause shown, and in the interest of fairness and justice, Mr. Phillips asks that his REQUEST be granted and that he receive:

→ An Order requiring defense lawyers, Ms. Dwyer and Mr. Skinner, to reveal to this Court — and Mr. Phillips — (under seal, if necessary) all actual/potential conflicts that might exist/arise in their representation of him in the past, present, and/or future.

→ A hearing (nunc pro tunc?) regarding the conflicts (potential or actual) whether following the steps listed in <u>US v Rodriguez</u>, 968 F.2d 130, 138-39 (2d Cir. 1992) or another format; and

→ Any and all other available relief.

Respectfully Submitted,

6 May 2019  _____
Mr. William T. Phillips, pro se
# 24864-052
PO Box 1000, Otisville, NY 10963

## CERTIFICATE OF SERVICE AND MAILING

Very early in the morning of Monday, 6 May 2019, I delivered this filing – in a properly addressed envelope with the correct, pre-paid postage affixed – to prison legal mail staff for filing with this Court. I know that when the Clerk scans it into the CM/ECF, all parties (and both defense counsels) will receive service via NEFs.

## DECLARATION

I have read and understood everything in this filing and declare under penalty of perjury, as per 28 U.S.C. §1746, that it is true and correct.

6 May 2019  _____
Mr. William T. Phillips, pro se

Page 14 of 14

Dear Clerk,

Please confirm receipt of this filing, when it was scanned in, and that all lawyers (particularly Ms. Dwyer and Ms. Skinner) received copies/NEFs.

Also please make sure my mom is listed as an "interested party" so she gets copies of all filings. (I have asked her to call your office with her email address.)

Thank You!

William T. Phillips
#24864052
PO Box 1000, Otisville NY 10963-1001

Envelope scan:

From:
William T. Phillips
#34864-052
Federal Correctional Institution
PO Box 1000
Otisville, NY 10963-1000

LEGAL MAIL

To:
United States District Court (Clerk)
Fifth Floor
231 West Lafayette Blvd
Detroit, MI 48226

24864-052
U S District Court
Fifth Floor
-- Theodore Levin BLDG
231 West Lafayette Blvd
Detroit, MI 48226
United States

RECEIVED MAY 10 2019 CLERK'S OFFICE U.S. DISTRICT COURT

Postmark: White Plains, NY 106 TUE MAY 07 2019 PM