UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,
    Plaintiff

vs

William T. PHILLIPS,
    Defendant.

Case Nos. 17-20632
             18-20128

Judge Stephen Murphy

## REQUEST FOR COPIES OF CJA VOUCHERS IN THIS CASE [and associated memorandum]

Defendant pro se, Mr. William T. Phillips, respectfully REQUESTS that this Court, pursuant to 18 USC §3006A(d)(4)(A) and (E), provide complete and unredacted (if possible) copies of all CJA Vouchers (as well as associated documents/filings/rulings) associated with the legal services rendered by CJA attornies Ms. Lisa L. Dwyer and Mr. Michael Skinne

If a fee is required, please provide the cost and direct **release** of those document upon receipt of the payment.

Please provide any other available relie

Page 1 of 6

CJA Voucher Request (Cont.)

## Relevant Facts

CJA panel attorney, Ms. Lisa L. Dwyer, was appointed to represent Mr. Phillips in Case No. 2:17-CR-20632-SJM-5 [the "2017" case] on 18 August 2017 (ECF Doc. 4) by Magistrate Judge Elizabeth A. Stafford. Ms. Dwyer noticed her appearance in the case on 6 Sept 2017 (Doc 8). Her last docketed action in that case was on 18 July 2018 when she appeared on behalf of Mr. Phillips at his Sentencing Hearing. Despite a request to do so by Mr. Phillips, she did not file a Notice of Appeal. Therefore, her CJA Voucher — and accompanying documentation — should have been filed shortly after sentencing. No later than March 2019 — on a date not currently known by Mr. Phillips — Ms. Dwyer withdrew from this case and Mr. Michael Skinner was appointed to replace her. Mr. Phillips does not believe that, to date, Mr. Skinner has filed anything (except possibly an appearance) with this Court, on his behalf, nor has he appeared before this Court on Mr. Phillips' behalf.

The companion case to the 2017 one was No. 2:18-CR-20128-SJM-9 [the "2018" case]. Ms. Dwyer filed her appearance in that case

US v Phillips
CJA Voucher Request
(cont.)

on 2 March 2018 (Doc 26). Due to an apparent oversight, she was not "appointed" to represent Mr. Phillips in that case until 27 Sept 2018 (Doc 93) and that appointment was made retroactive to 27 Feb 2018. She had been working on the 2018 case, at least as far back as November 2017, when she and AUSA Ms. April Russo hatched a plan allegedly to "help" Mr. Phillips by getting him indicted in the 2018 case, despite him already agreeing — in principle — to plead guilty to the "top count" (a violation of 18 USC §2252A(g)) in the 2017 case, which was to be the "top count" in the 2018 case as well. The 2018 case, which was sentenced simultaneous with the 2017 one, also terminated at the 18 July 2018 sentencing — since she did not file the requested notice of appeal in that case either. Mr. Phillips believes that she similarly withdrew from the 2018 case prior to March 2019 and that Mr. Skinner was appointed in that case too.

## Argument

Pursuant to 18 USC § 3006A(d)(4)(A) and (C), the CJA vouchers and associated documents filed by attornies Ms. Dwyer and Mr. Skinner should be made public. If this Court elects to invoke the protections provided for in § 3006A(d)(4)(D), then Mr. Phillips requests that a redacted version be made public, as per § 3006A(d)(4)(B), but that he personally be sent an unredacted version, using the BOP's "Legal Mail" system to assure confidentiality of the filing.

Mr. Phillips requires prompt release of these documents because his deadline, under 28 USC § 2255(f)(1), is just 2 months away — 30 July 2019 — if he elects to file a Habeas Corpus petition. A petitioner's claim in a "2255" petition can be strengthened by the inclusion of CJA vouchers and related documentation. See, Judge David Bunning's reference to the voucher in US v. EVANS, Civil No. 17-127-DLB, 2019 U.S. Dist. LEXIS 36783 at *8 (E.D. KY 7 March 2019). Judge Bunning in fact determined that the ground supported by the voucher was the <u>ONLY ONE</u> worthy of an evidentiary hearing.

Page 4 of 6

CJA Voucher Request
(cont.)

Recent cases, from District Courts in this Circuit, and others, illustrate the use of CJA vouchers to adjudicate various "2255"- petition claims: <u>WINSTON v US</u>, No. 3:15-cv-1366, 2017 U.S. Dist. LEXIS 2273 at *9-10 (and n. 10-17) (D.CT 5 Jan 2017); <u>US v HAMILTON</u>, No. 6:17-cv-223-GFVT-REW, 2018 U.S. Dist. LEXIS 32736 at *21 and n. 11, (E.D.KY 22 Jan 2018); <u>RICHARDSON v. US</u>, No. 2:11-cv-479, 2013 U.S. Dist LEXIS 143322 at *2+n.1 (S.D.OH 3 Oct 2013); <u>US v OROZCO-SANCHEZ</u>, No. 16-0762 WJ/KBM, 2018 U.S. Dist. LEXIS 149599 at *7 (D.NM 3 Sept 2018); <u>RAMOS v. US</u>, No. 09 civ 3500 (DLC), 2010 U.S. Dist. LEXIS 45347 at *29 (S.D.N.Y. 10 May 2010); and many others.

Therefore, for good cause shown, and in the interest of fairness and justice, please provide all possible relief to Mr. Phillips.

Respectfully submitted,

24 May 2019

Mr. William T. Phillips, pro se
#24864-052
PO Box 1000, Otisville NY 10963

page 5 of 6

W.T. Phillips
CJA VOUCHER REQUEST
(cont.)

## CERTIFICATE OF MAILING and SERVICE

On the morning of 24 May 2019, I presented this REQUEST in a sealed, properly addressed envelope, with sufficient, prepaid first class postage affixed, to Prison Legal Mail Staff after being assured that they would take it to the Otisville, NY US Post Office for filing with this Court on the same morning.

I am aware - based on policies and practice - that all relevant counsel will be served (via NEF's) with this REQUEST as soon as the Clerk scans it into the CM/ECF.

## DECLARATION

I, Mr. William T. Phillips, do affirm under penalty of perjury, as per 28 USC §1746 that everything herein is true and correct.

24 May 2019

Mr. William T. Phillips, prose
#24864-052
FCI OTISVILLE
PO Box 1000
Otisville, NY 10963-1000

Page 6 of 6

Case 2:17-cr-20632-SJM-DRG ECF No. 165, PageID.2696 Filed 05/28/19 Page 7 of 7



NAME William T. Phillips
REGISTER NO. 24864-052
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
OTISVILLE, NY 10963

LEGAL MAIL

RECEIVED
MAY 28 2019
CLERK'S OFFICE
U.S. DISTRICT COURT

FEDERAL CORRECTIONAL INSTITUTION
OTISVILLE, NY 10963
DATE: 5/24/19

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question of-problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosure to the address above.

UNITED STATES DISTRICT COURT
U.S. Marshals & Federal
231 West LAFAYETTE Blvd.
U.S. Courthouse
Detroit, MI
48226

48226-275426

WEST CHESTER NY 105
24 MAY 2019 PM 5 L
5-24-19 pb