United States District Court
Eastern District of Michigan

United States Of America,

    Plaintiff,

v.

William T. Phillips

    Defendant.

Case No. 2:17-cr-20632

**Motion To Reconsider Order Dismissing 28 U.S.C. § 2255 Motion**

Defendant William T. Phillips ("Mr. Phillips") respectfully submits this Motion to Reconsider Order Dismissing 28 U.S.C. § 2255 Motion for the Court's consideration. Mr. Phillips asks that the court reconsider its November 23, 2020 Case Management Order (ECF No. 221, PageID.3664). The Government takes no position on Mr. Phillips' Motion to Reconsider and is accordingly not opposed to the Court granting relief.

**Background**

Mr. Phillips was charged criminal violations of the United States Code in this case as well as another case in this district in cause number 2:17-cr-20632. Mr. Phillips ultimately pleaded guilty to the criminal charges against him in both cases on the advice of counsel. The Court sentenced Mr. Phillips to 392 months in prison in this case to run concurrent with the same sentence in the 2017 case. (Judgment, ECF No. 79, PageID.1004).

Mr. Phillips filed motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in both cases. (No. 18-cr-20128, ECF No. 173; No. 17-cr-20632, ECF No. 174). Both § 2255 motions were filed with the assistance of counsel. The Court ordered evidentiary hearings in both cases on the § 2255 motions, although there does not appear to have been specific orders setting out the scope of those hearings. (*See* No. 18-cr-20128, ECF No. 215; No. 17-cr-20632, ECF No. 244).

On August 7, 2020,[1] Mr. Phillips placed a *pro se* handwritten motion in the mail to the Clerk of Court inquiring about the status of the upcoming evidentiary hearing. (*See* No. 18-cr-20128, ECF No. 218, PageID.3658; No. 17-cr-20632, ECF No. 251, PageID.3532). At the time Mr. Phillips mailed his *pro se* request for clarification he was still represented by counsel. (*Cf.* September 16, 2020, Order Granting Motion to Withdraw, No. 18-cr-20128, ECF No. 217; September 16, 2020, Order Terminating Attorney, No. 17-cr-20632, ECF No. 250). Relevant portions of the *pro se* filings from page nine and 10 are and included below in picture format:

---

[1] The last page of the *pro se* filing contains a stamp placed on the envelope by the Federal Bureau of Prisons indicating the date that it was received in the legal mail system from an inmate for outgoing mailing. The postage mark date on the second to last page also indicates the mailing was post-marked August 7th.



For someone unknown reason, Mr. Phillips' *pro se* document was not docketed by the Clerk of Court in either case until November 5, 2020. Phillips does not know if the BOP held his *pro se* filing for almost 3 months after it was post-marked to mail it, or if the Clerk's office simply failed to docket the filing from August 7th until November 5th.

On November 23, 2020, the Court entered its Case Management Order in both cases. (No. 2:18-cr-20128, ECF No. 221; No. 2:17-cr-20632, ECF No. 252). According to the Court, "[b]ecause Phillips" claimed that he "did not authorize the pending §2255 motions to be filed, **and the lawyer who filed has withdrawn from the case**, the Court will consider Phillips's [*sic*] pending § 2255 motions…to be

---

[2] No. 2:18-cr-20128, ECF No. 218, PageID.3657; PageID.3658.

**Motion To Reconsider Order Dismissing 28 U.S.C. § 2255 Motion**      Page 3 of 9

withdrawn." (ECF No. 221, PageID.3664) (emphasis added). The Court cancelled the pending evidentiary hearing and stated that the "pending motion" for clarification would be denied as "moot". (*Id*.).

## Argument

### I. Phillips *pro se* filing should be liberally construed and not deemed to withdraw his pending § 2255 motions.

Finding that Mr. Phillips withdrew his § 2255 motions is effectively a death penalty sanction since Mr. Phillips cannot re-file any timely § 2255 motion outside the statute of limitations. The Government did not seek dismissal of Mr. Phillips' § 2255 motion on the basis of his *pro se* submission. The Court did not give Mr. Phillips any prior notice before *sua sponte* determining 1) that the *pro se* filing was an attempt to withdraw the § 2255 motions and 2) that the Court would dismiss the § 2255 motions because Mr. Phillips constructively withdrew his claims via his *pro se* filing. The Court's order that Mr. Phillips constructively withdrew his pending § 2255 motions through his *pro se* request for clarification was erroneous. The Court should reconsider its Case Management order and reinstate the § 2255 motions.

### A. Prior order failed to grant Mr. Phillips' submission liberal construction

It is axiomatic and beyond dispute that *pro se* filings in federal court are entitled to be construed liberally. The Supreme Court and the U.S. Courts of Appeals have long adopted this approach because laymen untrained in the law are ill equipped to present their cases in the face of modern legal complexities. *See Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (describing the rule). The rule of liberal construction also

applies in the habeas context. *Frazier v. Varga*, 843F.3d 258, 262 (7th Cir. 2016) (habeas movant was entitled to liberal construction).

Mr. Phillips' *pro se* motion contained 8-pages of handwritten thoughts, musings, complaints and apologies to the Court. (ECF No. 218). In fact, Mr. Phillips began his *pro se* submission by apologizing to the Court for "anything improper" with his filing. (ECF No. 218, PageID.3649). Mr. Phillips explained that he knew "very little about procedures, formats, and proper citations," on page one of his filing. (ECF No. 218, PageID.3649). Mr. Phillips was writing the Court, generally speaking, to voice his concerns the day after he learned that his Criminal Justice Act lawyer would be withdrawing from the case due to health concerns. (ECF No. 218, PageID.3649).

Mr. Phillips voiced concern about his attorney not responding to the 11 letters he sent the attorney and omitting the materials Mr. Phillips asked to be included in the § 2255 filings. (ECF No. 218, PageID.3650). Mr. Phillips told the Court he was "flat out ignored," by prior counsel. (ECF No. 218, PageID.3650). However, Mr. Phillips did not tell the Court that the § 2255 motion was unauthorized or inaccurate in its legal or factual premises. Instead, this is what Mr. Phillips told the Court in relevant part:

> Before I get into the Evidentiary Hearing I feel the need to tell this court that Mr. Skinners 2255 motion originally Filed on July 19, 2019 was Filed <u>without</u> him telling me. That is the only reason I Filed Pro Se motions including my Equitable Tolling.

(ECF No. 218, PageID.3650) (capitalization and underlying in original). This was the only reference to any lack of authorization for the § 2255 claims in the entire *pro se* filing. Mr. Phillips provided this insight in the context of his larger complaint about

the lack of communication between him and the prior attorney. (*See* ECF No. 218). Mr. Phillips explained to the court that due to the lack of communication he was "frustrated," and becoming "worried and confused." (ECF No. 218, PageID.3651).

The Court should have liberally construed Mr. Phillips' *pro se* submission. Not once in the *pro se* submission did Mr. Phillips ask to withdraw the pending § 2255 motions. Instead of liberally construing the filing the Court strictly construed Mr. Phillips' *pro se* submission against him by finding an implied constructive withdrawal of the § 2255 claims. This was an error, and the Court should reconsider its Case Management order on this basis alone.

### B. Phillips was still represented at time of *pro se* submission and counsel did not seek to withdraw the § 2255 motions.

When Mr. Phillips mailed his *pro se* filing to the Clerk of Court on August 7, 2020, he was still represented by Mr. Skinner. Mr. Skinner would remain counsel of record for at least another month in this case. The Court's Case Management order deemed Mr. Phillips' § 2255 motion withdrawn, at least in part, due to the fact that Mr. Skinner had withdrawn before Mr. Phillips' *pro se* filing was docketed in early November. This timing mix-up was completely out of Mr. Phillips' hands and was not in any way the product of his personal negligence. Since Mr. Skinner did not raise a motion to withdraw Mr. Phillips' § 2255 motions during this time the Court should understand that Mr. Phillips did not wish to pursue this course of action. The Court should look to the silence of Mr. Phillips' appointed representative, Mr. Skinner, as evidence that Mr. Phillips did not want to withdraw the § 2255 motion at the time he was still represented by counsel.

### III. *Sua sponte* finding of withdrawal without prior notice or request from litigants was improper.

Mr. Phillips did not file a motion requesting any affirmative relief such as withdrawing his claims under Federal Rule of Civil Procedure 41. The Government did not ask the Court to make a finding that Mr. Phillips had withdrawn his claims as a matter of law by complaining about the lack of communication before Mr. Skinner filed the § 2255 motion. The Court acted *sua sponte* to impose what amounted to a "death penalty" sanction of dismissal without giving either litigant an opportunity to be heard or object prior to ruling. This was error.

Of course, the Court does have the authority to dismiss claims and causes of actions based on the conduct of litigants. *See* Fed. R. Civ. P. 41(b) (involuntary dismissal). These sanctions have the effect of ending a case by judicial order. Put simply, when a court enters a sanction of this type, the case is dead on arrival. That is why Courts must generally weigh a number of factors and give a litigant prior notice before exercising the sanction of dismissal. *See Stough v. Mayville Cmty. Sch.,* 138 F.3d 612, 615 (6th Cir. 1998) *(*"Prior notice, or the lack thereof, is thus a key consideration when determining whether a district court abuses its discretion in dismissing a case…").

The Sixth Circuit has "repeatedly reversed district courts for dismissing cases…when the district courts did not put the put the derelict parties on notice that further noncompliance would result in dismissal." *Prime Finish, LLC v. ITW Deltar IPAC,* 608 F. App'x 310, 315 (6th Cir. 2015) (quoting *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 644 (6th Cir.2005). Here, Mr. Phillips was not given any prior notice that his

§2255 motion was at risk of being effectively dismissed before the Court entered its Case Management order. Mr. Phillips was flying blind when the Court acted on its own initiative to constructively dismiss Mr. Phillips' § 2255 motions.

The prejudice in this case is very real. 28 U.S.C. § 2255 is the only statutory mechanism that most defendants can ever utilize for any sort of collateral review of constitutional defects which occurred in criminal proceedings. When the Court made a constructive finding that Mr. Phillips withdrew his § 2255 motion the Court effectively made sure that Mr. Phillips would be forever prevented from obtaining judicial review of alleged constitutional violations in these cases. Indeed, undersigned counsel was unable to find any cases endorsing such an implied or constructive withdrawal leading to dismissal in the habeas context. It was an abuse of discretion for the Court to dismiss (through a finding of implied withdrawal) Mr. Phillips' only vehicle for seeking redress without any prior notice.

The Court should reconsider its Case Management Order should be reconsidered. Upon reconsideration the Court should reinstate Mr. Phillips' § 2255 motions and schedule them for a prompt evidentiary hearing.

[Remainder of Page Left Blank Intentionally]

Respectfully submitted,

/s/ Zachary Newland
Zachary Newland
Senior Litigation Counsel
**Jeremy Gordon, PLLC**
P.O. Box 2275
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: zach@gordondefense.com
TX Bar No. 24088967

*Counsel for Mr. William Phillips*

### CERTIFICATE OF CONFERENCE

In accordance with the Federal Rules of Procedure and the local rules for the U.S. District Court for the Eastern District of Michigan, I, Zachary L. Newland, hereby certify that I conferred with opposing counsel, to obtain their position on the merits of this motion. Opposing counsel stated they do not take any position in support or opposition on the requested relief sought.

/s/ Zachary L. Newland
Zachary Lee Newland

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this 21st day of December 2020, via CM/ECF on all counsel of record.

/s/ Zachary L. Newland
Zachary Lee Newland